**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Ira R. Deiches, Esquire (NJ ID #013941976)
**DEICHES & FERSCHMANN**
25 Wilkins Avenue
Haddonfield, NJ 08033
(856) 428-9696
ideiches@deicheslaw.com
Attorneys for Debtors and Debtors-in-Possession

In Re:

LARRY FEINERMAN
and PATRICIA FEINERMAN,

        Debtors and Debtors-in-Possession.

Order Filed on September 12, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No. 18-20949

Judge: Hon. Andrew B. Altenburg, Jr.

Chapter 11

Hearing Date:  September 12, 2019
                     10:00 a.m.

## AMENDED ORDER CONFIRMING DEBTORS' FIRST MODIFIED
## PLAN OF REORGANIZATION

The relief set forth on the following pages, numbered two (2) through three (3) is hereby

**ORDERED.**

**DATED: September 12, 2019**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

**(Page 2)**

| | |
|---|---|
| In re: | LARRY FEINERMAN and PATRICIA FEINERMAN |
| Case No.: | 18-20949- ABA |
| Caption of Order: | **ORDER CONFIRMING DEBTORS' FIRST MODIFIED PLAN OF REORGANIZATION** |

---

The First Modified Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code filed by Larry Feinerman and Patricia Feinerman, Debtors and Debtors-in-Possession herein ("Debtors"), on June 13, 2019, having been transmitted to creditors, equity holders and other parties in interest, and a hearing having been conducted to consider confirmation of the Plan on September 12, 2019, and the Court having considered the Plan, the Certification of Larry Feinerman in support of confirmation filed September 9, 2019, and the proffer made by Ira R. Deiches, Esquire of the firm of Deiches & Ferschmann, A Professional Corporation, attorneys for Debtors, in lieu of testimony, in the absence of any objections to confirmation, and it having been determined, after hearing on notice, that:

1. The Plan has been accepted in writing by the creditors, equity holders and parties in interest whose acceptances are required by law;

2. The Plan complies with the applicable provisions of Title 11, United States Code;

3. Debtors have complied with the applicable provisions of Title 11, United States Code, and have proposed a Plan in good faith and not by any means forbidden by law;

4. Each impaired holder of a claim has accepted the Plan or will receive or retain under the Plan on account of such claim property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain if Debtors were liquidated under Chapter 7 of Title 11, United States Code, on such date, unless said holder agreed to less favorable treatment;

5. Any payment made or to be made by Debtors for services or for costs and expenses in connection with the case has been approved by Order or is subject to the approval of this Court as being reasonable;

6. All applicable requirements of §1129 of Title 11, United States Code, whether or not specifically referenced above, have been satisfied;

(Page 3)

| | |
|---|---|
| In re: | LARRY FEINERMAN and PATRICIA FEINERMAN |
| Case No.: | 18-20949-ABA |
| Caption of Order: | **ORDER CONFIRMING DEBTORS' FIRST MODIFIED PLAN OF REORGANIZATION** |

Now, therefore, it is

**ORDERED** that:

1. The First Modified Plan filed by Debtors, as annexed hereto as Exhibit "A" and as modified by the terms of this Order, be and is hereby confirmed pursuant to 11 U.S.C. §1129(a);

2. Debtors be and are hereby authorized, directed and empowered to take all actions necessary or appropriate to implement the Plan in accordance with its terms and consistent with this Order;

3. The termination of Debtor's lease with Toyota Motor Credit Corporation of a 2017 Lexus RX350, as noticed to creditors without objection, is hereby expressly approved, as is Debtor's entry into a motor vehicle lease with Toyota Lease Trust, serviced by Toyota Motor Credit Corporation, of a 2019 Toyota Rav 4, as authorized by the prior Order of this Court dated August 6, 2019;

4. All administrative claims and claims for professional fees shall be filed with this Court within ninety (90) days from the date this Order, pursuant to D.N.J. LBR 2016-4; and

5. This Court shall retain jurisdiction over this Chapter 11 case to the fullest extent permitted by law, as more fully set forth in the Plan.

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Ira R. Deiches, Esquire
DEICHES & FERSCHMANN
A Professional Corporation
25 Wilkins Avenue
Haddonfield, NJ 08033
(856) 428-9696
Attorneys for Debtors and Debtors-in-Possession

Case No. 18-20949

In Re:

Judge: Hon. Andrew B. Altenburg, Jr.

LARRY FEINERMAN
and PATRICIA FEINERMAN,

Chapter 11

Debtors and Debtors-in-Possession.

# FIRST MODIFIED PLAN OF REORGANIZATION

Debtors/Plan Proponents respectfully submit their First Modified Plan of Reorganization pursuant to Chapter 11, Title 11 of the United States Code, in the form annexed hereto and made a part hereof.

Dated: June 12, 2019

_____
LARRY FEINERMAN

Dated: June 12, 2019

_____
PATRICIA FEINERMAN

## TABLE OF CONTENTS

|      |                                                              | Page |
|------|--------------------------------------------------------------|------|
| I.   | INTRODUCTION                                                 | 2    |
| II.  | CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS         | 2    |
|      | A. General Overview                                          | 2    |
|      | B. Definitions                                               | 2    |
|      | C. Unclassified Claims                                       | 6    |
|      |    1. Administrative Expenses and Fees                       | 6    |
|      |    2. Priority Tax Claims                                    | 7    |
|      | D. Classified Claims and Interests                           | 7    |
|      |    1. Classes of Secured Claims                              | 7    |
|      |    2. Priority Non-Tax Claims                                | 8    |
|      |    3. Class of General Unsecured Claims                      | 8    |
|      |    4. Class(es) of Equity Interest Holders                   | 9    |
|      | E. Acceptance or Rejection of Plan                           | 9    |
|      | F. Means of Effectuating the Plan                            | 9    |
|      |    1. Funding for the Plan                                   | 9    |
|      |    2. Post-Confirmation Management                           | 10   |
|      |    3. Disbursing Agent                                       | 10   |
| III. | TREATMENT OF MISCELLANEOUS ITEMS                             | 10   |
|      | A. Executory Contracts and Unexpired Leases                  | 10   |
|      |    1. Assumptions                                            | 10   |
|      |    2. Rejections                                             | 10   |
|      | B. Changes in Rates Subject to Regulatory Commission Approval| 10   |
|      | C. Retention of Jurisdiction                                 | 10   |
|      | D. Procedures for Resolving Contested Claims                 | 11   |
|      | E. Notices under the Plan                                    | 11   |
| IV.  | EFFECT OF CONFIRMATION OF PLAN                               | 11   |
|      | A. Discharge                                                 | 11   |
|      | B. Revesting of Property in the Debtor                       | 12   |
|      | C. Modification of Plan                                      | 12   |
|      | D. Post-Confirmation Conversion/Dismissal                    | 12   |
|      | E. Post-Confirmation Quarterly Fees                          | 12   |

I. INTRODUCTION

Larry Feinerman ("Larry") and Patricia Feinerman ("Pattie") (collectively, the "Feinermans" or "Debtors") are the Debtors in this Chapter 11 bankruptcy case. On May 31, 2018, the Feinermans commenced this bankruptcy case by filing their Voluntary Petition for Relief under Chapter 11 of the United States Bankruptcy Code (the "Code"), 11 U.S.C. §101, et seq.

This document is the Chapter 11 Plan (the "Plan") proposed by Debtors as Proponents ("Proponents"). Sent to you in the same envelope as this document is the Disclosure Statement which has been approved by the United States Bankruptcy Court for the District of New Jersey (the "Court"), and which is provided to help you understand the Plan.

This is a Reorganizing Plan. In other words, the Proponents seek to accomplish payments under the Plan through projected cash flows generated by Debtors' income. The Effective Date of the proposed Plan is the date that is thirty (30) days after the entry of the Order confirming the Plan.

II. CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

A. General Overview

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code. The Plan states whether each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive under the Plan.

B. Definitions

**Scope of Definitions.** For purposes of this Plan, except as expressly otherwise provided or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings assigned to them in this section of the Plan. In all references herein to any parties, persons, entities, or corporations, the use of any particular gender or the plural or singular number is intended to include the appropriate gender or number as the text may require.

1. **Administrative Expense** shall mean any cost or expense of administration of the Chapter 11 case allowable under Section 507(a) of the Bankruptcy Code, including, without limitation, any actual and necessary expenses of preserving the estate of the Debtors, any actual and necessary expenses of operating the business of the Debtors, any indebtedness or obligation incurred or assumed by the Debtors in connection with the conduct of their affairs or for the acquisition or lease of property or the rendition of services to the Debtors, all allowances of compensation and

-2-

reimbursement of expenses, any fees or charges assessed against the estate of any Debtor under Chapter 123, Title 28, of the United States Code, and the reasonable fees and expenses incurred by the Proponents in connection with the proposal and confirmation of this Plan.

2. **Allowed** when used as an adjective preceding the words "Claims" or "Equity Interest," shall mean any Claim against or Equity Interest of the Debtors, proof of which was filed on or before the date designated by the Bankruptcy Court as the last date for filing proofs of claim or Equity Interest against such Debtor, or, if no proof of claim or Equity Interest is filed, which has been or hereafter is listed by the Debtors as liquidated in amount and not disputed or contingent and, in either case, a Claim as to which no objection to the allowance thereof has been interposed within the applicable period of limitations fixed by the Plan, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Local Rules, or as to which any objection has been interposed and such Claim has been allowed in whole or in part by a Final Order. Unless otherwise specified in the Plan, "Allowed Claim" and "Allowed Equity Interest" shall not, for purposes of computation of distributions under the Plan, include interest on the amount of such Claim or Equity Interest from and after the Petition Date.

3. **Allowed Administrative Expense** shall mean any Administrative Expense allowed under Section 507 (a)(1) of the Bankruptcy Code.

4. **Allowed Unsecured Claim** shall mean an Unsecured Claim that is or has become an Allowed Claim.

5. **Bankruptcy Code** shall mean the Bankruptcy Reform Act of 1978, as amended, and as codified in Title 11 of the United States Code.

6. **Bankruptcy Court** shall mean the United States Bankruptcy Court for the District of New Jersey having jurisdiction over the Chapter 11 Case and, to the extent of any reference made pursuant to 28 U.S.C. §158, the unit of such District Court constituted pursuant to 28 U.S.C. §151.

7. **Bankruptcy Rules** shall mean the rules and forms of practice and procedure in bankruptcy, promulgated under 28 U.S.C. Section 275 and also referred to as the Federal Rules of Bankruptcy Procedure.

8. **Business Day** means and refers to any day except Saturday, Sunday, and any other day on which commercial banks in New Jersey are authorized by law to close.

9. **Chapter 11 Case** shall mean a case under Chapter 11 of the Bankruptcy Code in which Larry and Pattie are the Debtors.

10. **Claim** shall mean any right to payment from the Debtors whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtors whether or not such right to an equitable remedy is reduced to judgement, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured; and all claims as such term is defined in section 101(5) of the Bankruptcy Code.

11. **Class** shall mean a grouping of substantially similar Claims or Equity Interests for common treatment thereof pursuant to the terms of this Plan.

12. **Code** shall mean Title 11 of the United States Code, otherwise known as the Bankruptcy Code.

13. **Confirmation** shall mean the entry of an Order by this Court approving the Plan in accordance with the provisions of the Bankruptcy Code.

14. **Confirmation Hearing** shall mean a hearing conducted before the Bankruptcy Court for the purpose of considering confirmation of the Plan.

15. **Confirmation Order** shall mean an Order of the Bankruptcy Court confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

16. **Creditor** shall mean any person who has a Claim against the Debtors that arose on or before the Petition Date or a Claim against the Debtors' estate of any kind specified in Sections 502(g), 502(h), and/or 502(i) of the Bankruptcy Code. This includes all persons, corporations, partnerships, or business entities holding claims against the Debtors.

17. **Debt** means, refers to and shall have the same meaning ascribed to it in Section 101(12) of the Code.

18. **Debtors** shall mean Larry Feinerman and Patricia Feinerman.

19. **Disbursing Agent** shall mean Larry, or any party appointed by and subject to Court approval, who shall effectuate this Plan and hold and distribute consideration to be distributed to holders of Allowed Claims and Allowed Equity Interests pursuant to the provisions of the Plan and Confirmation Order.

20. **Disclosure Statement** means and refers to the Disclosure Statement field by the Debtors as required pursuant to Section 1125 of the Bankruptcy Code.

-4-

21. **Effective Date** shall mean the date that is thirty (30) days after the entry of the Order confirming the Plan.

22. **Equity Interest Holder**, if applicable, shall mean the holder of an equity interest in the Debtors.

23. **Equity Interest**, if applicable, shall mean any interest in the Debtors represented by stock, warrants, options, or other rights to purchase any shares of stock in the Debtors.

24. **Final Order** shall mean an order of the Bankruptcy Court or a court of competent jurisdiction to hear appeals from the Bankruptcy Court which, not having been reversed, modified, or amended, and not being stayed, and the time to appeal from which or to seek review or rehearing of which having expired, has become final and is in full force and effect..

25. **Impaired** when used as an adjective preceding the words "Class of Claims" or "Class of Equity Interest", shall mean that the Plan alters the legal, equitable, or contractual rights of the member of that class.

26. **Person** shall mean an individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated organization, or a government or any political subdivision thereof or other entity.

27. **Petition Date** shall mean the date on which the Debtors filed their Petition for Relief commencing this Case.

28. **Plan** shall mean the Plan of Reorganization filed in the Chapter 11 Case, together with any additional modifications and amendments.

29. **Priority Non-Tax Claim** shall mean a Claim entitled to priority under sections 507(a)(2), (3), (4), (5), (6), or (7) of the Bankruptcy Code, but only to the extent it is entitled to priority in payment under any such subsection.

30. **Priority Tax Creditor** shall mean a Creditor holding a priority tax claim.

31. **Priority Tax Claim** shall mean any Claim entitled to priority in payment under section 507(a)(8) of the Bankruptcy Code, but only to the extent it is entitled to priority under such subsection.

32. **Proceedings** shall mean the Chapter 11 Case of the Debtors.

33. **Professional Persons** means and refers to all attorneys, accountants, appraisers, consultants, and other professionals retained or to be compensated pursuant to an Order of the Court entered under Sections 327, 328, 330, or 503(b) of the Bankruptcy Code.

-5-

34. **Professional Claim** means and refers to a claim by any and all professionals as provided for in Sections 327, 328, 330, or 503(b) of the Bankruptcy Code.

35. **Proponents** means Debtors.

36. **Reorganized Debtors** means the Debtors after confirmation of the Plan.

37. **Secured Claim** means and refers to a Claim which is secured by a valid lien, security interest, or other interest in property in which the Debtors have an interest which has been perfected properly as required by applicable law, but only to the extent of the value of the Debtors' interest in such property, determined in accordance with Section 506(a) of the Bankruptcy Code.

38. **Unsecured Claim** shall mean any Claim against the Debtors which arose or which is deemed by the Bankruptcy Code to have arisen prior to the Petition Date for such Debtors, and which is not (i) a secured claim pursuant to Section 506 of the Bankruptcy Code, as modified by Section 1111(b) of the Bankruptcy Code, or (ii) a Claim entitled to priority under sections 503 or 507 of the Bankruptcy Code. "Unsecured Claim" shall include all Claims against the Debtors that are not expressly otherwise dealt with in the Plan.

39. **Other Definitions**, a term used and not defined herein but that is defined in the Bankruptcy Code shall have the meaning set forth therein. The words "herein," "hereof," "hereto," "hereunder," and others of similar import refer to the Plan as a whole and not to any particular section, subsection, or clause contained in the Plan; moreover, some terms defined herein are defined in the section in which they are used.

C.  **Unclassified Claims**

Certain types of claims are not placed into voting classes; instead, they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Proponents have <u>not</u> placed the following claims in a class. The treatment of these claims is provided below.

1.  **Administrative Expenses and Fees**

Administrative Expenses are claims for costs or expenses of administering the Debtors' Chapter 11 case which are allowed under Code Section 503(b), and fees payable to the Clerk of the Bankruptcy Court and the Office of the United States Trustee incurred during the Chapter 11 case.

The Code requires that all Administrative Expenses be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

## Court Approval of Professional Compensation and Expenses Required

The Court must approve all professional compensation and expenses. Each professional person requesting compensation in the case pursuant to Sections 327, 328, 330, 331, 503(b) or 1103 of the Bankruptcy Code shall file an application for allowance of final compensation and reimbursement of expenses not later than ninety (90) days after the Confirmation Date. Nothing herein shall prohibit each professional person from requesting interim compensation during the course of this case pending Confirmation of this Plan. No motion or application is required to fix fees payable to the Clerk's Office or the Office of the United States Trustee, as those fees are determined by statute.

2. **Priority Tax Claims**

Priority Tax Claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8). The Code requires, and thus this Plan provides, that each holder of such a 507(a)(8) Priority Tax Claim receives the present value of such claim in deferred cash payments, over a period not exceeding five years from the Petition Date. The Plan provides that the priority tax claim held by Internal Revenue Service, the State of New Jersey and the State of New York will be paid in full in consecutive quarterly installments beginning on the Effective Date and continuing for not more than forty-five (45) months.

D. **Classified Claims and Interests**

1. **Classes of Secured Claims**

Secured Claims are claims secured by liens on property of the estate. The following represents all classes containing Debtor's secured pre-petition claims and their treatment under this Plan:

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 1 | Fulton Bank of New Jersey: $611,253.41 | No | Fulton Bank of New Jersey shall retain its lien on Debtors' residence. Payments of $2,550.00 monthly shall be made against Fulton Bank's claim in accordance with the terms and conditions of the loan documents evidencing that claim from funds received by Debtors in the ordinary course.. |

-7-

| 2 | Hyundai Capital America d/b/a Hyundai Motor Finance: $17,742.85 | No | Hyundai Capital America shall retain its lien on a 2015 Hyundai Sonata. Payments of $477.00 monthly shall be made against Hyundai Capital America's claim in accordance with the terms and conditions of the loan documents evidencing that claim from funds received by Debtors in the ordinary course. |
| 3 | Mercedes Benz Financial Services, USA, LLC: $59,125.00 | No | Mercedes Benz Financial Services USA, LLC, shall retain its lien on a 2017 Mercedes Benz E550. Payments of $1,350.00 monthly shall be made against Mercedes Benz Financial Services USA, LLC's claim in accordance with the terms and conditions of the loan documents evidencing that claim from funds received by Debtors in the ordinary course. |

**2. Priority Non-Tax Claims**

Certain Priority Non-Tax Claims that are referred to in Code Sections 507(a)(3), (4), (5), (6), and (7) are entitled to priority treatment. Debtor does not recognize any such claims and thus no treatment of such claims is provided herein.

**3. Classes of General Unsecured Claims**

General Unsecured Claims are Unsecured Claims not entitled to priority under Code Section 507(a). The following chart identifies this Plan's treatment of the classes containing all of Debtor's general unsecured claims:

| <u>CLASS#</u> | <u>DESCRIPTION</u> | <u>IMPAIRED</u> (Y/N) | <u>TREATMENT</u> |
|---|---|---|---|
| 4 | This Class contains all of Debtors' general unsecured claims, excluding student loans that are nondischargeable, subject to reduction if Debtors' objections to allowance are sustained: $170,578.54. | Yes Claims in this class are entitled to vote on the Plan. | Each holder of an allowed unsecured claim shall receive a pro rata distribution on account of his/her/its claim(s) in quarterly installments of $11,087.00 commencing with the forty-sixth (46th) month after the Effective Date, until paid in full. |

-8-

| 5 | Student loans made by or guaranteed by Larry: $152,081.45 owed to Navient Solutions, LLC | Yes The member(s) of this class is entitled to vote on the Plan. | Debtors have projected a monthly payment of up to $600.00 on account of these student loans, to be made, if necessary, to assist Debtor's children for whose benefit the student loans were taken. |

4. **Class(es) of Equity Interest Holders**

The members of this class will be treated as follows:

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 6 | Larry Feinerman and Patricia Feinerman | No Claims in this class are not entitled to vote on the Plan, but are deemed to have accepted the Plan. | Larry and Pattie, as the members of this Class, shall retain their interests in their assets but shall be paid nothing on account of such interests. |

E.  **Acceptance or Rejection of Plan**

Each impaired class of Creditors with claims against the Debtors' estate shall be entitled to vote separately to accept or reject the Plan. A class of Creditors shall have accepted the Plan if the Plan is accepted by at least two-thirds in the aggregate dollar amount and more than one-half in number of holders of the Allowed Claims of such class that have accepted or rejected the Plan. In the event that any impaired class of Creditors or Interest Holders shall fail to accept the Plan in accordance with Section 1129(a) of the Bankruptcy Code, the Proponent reserves the right to request that the Bankruptcy Court confirm the Plan in accordance with Section 1129(b) of the Bankruptcy Code.

F.  **Means of Effectuating the Plan**

1.  Funding the Plan

The cash distributions under the Plan will be funded by cash flow generated from Larry's buyout and retirement income and periodic real estate investment income, supplemented by the Feinermans' Social Security benefits to the extent necessary to fully pay administrative expenses, priority tax claims and allowed unsecured claims. Secured claims shall be paid according to their terms in the ordinary course.

2. Post-Confirmation Management

Larry and Pattie shall continue to manage their assets and affairs in the ordinary course.

3. Disbursing Agent

Larry shall act as the disbursing agent ("Disbursing Agent") for the purpose of making all distributions provided for under the Plan, without compensation.

## III. TREATMENT OF MISCELLANEOUS ITEMS

### A. Executory Contracts and Unexpired Leases
#### 1. Assumptions

.The following are the unexpired leases and executory contracts to be assumed as obligations of the Reorganized Debtor under this Plan:

The lease with Hyundai Lease Titling Trust and Larry and his daughter Kelly Feinerman for a 2016 Hyundai Tucson requiring payments of $449.81 per month.

The lease with Toyota Motor Credit Corporation and Larry for a 2017 Lexus RX350 requiring payments of $1,075.05 per month.

#### 2. Rejections

On the Effective Date, all executory contracts not assumed shall be deemed to be rejected. **THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF LEASE OR CONTRACT IS THIRTY (30) DAYS FOLLOWING THE ENTRY OF THE CONFIRMATION ORDER.**

Any Claim based on the rejection of an executory contract or unexpired lease will be barred if the Proof of Claim is not timely filed, unless the Court later orders otherwise.

### B. Changes in Rates Subject to Regulatory Commission Approval

Debtors ares not subject to governmental regulatory commission approval of any rates.

### C. Retention of Jurisdiction

The Court shall retain jurisdiction of this case pursuant to the provisions of Chapter 11 of the Bankruptcy Code, pending the final allowance or disallowance of all Claims affected by the Plan, and to make such Orders as are necessary or appropriate to carry out the provisions of this Plan.

In addition, the Court shall retain jurisdiction to implement the provisions of the Plan in the manner as provided under Section 1142, sub-paragraphs (a) and (b) of the Bankruptcy Code. If the Court abstains from exercising, or declines to exercise jurisdiction, or is otherwise without

-10-

jurisdiction over any matter set forth in this section, or if the Debtors or the Reorganized Debtors elect to bring an action or proceeding in any other forum, then this section shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other Court, public authority or commission having competent jurisdiction over such matters.

**D.    Procedures for Resolving Contested Claims.**

Objections to Claims and interests, except for those Claims more specifically deemed Allowed in the Plan, may be filed by the Reorganized Debtors, or any party in interest, up to and including sixty (60) days following the entry of the Confirmation Order. With respect to disputed Claims or interests, the Disbursing Agent will hold in a separate interest bearing reserve account such funds as would be necessary in order to make the required distribution on the Claim or interest, as listed either in the Debtors' Schedules or the filed Proof(s) of Claim.

**E.    Notices under the Plan**

All notices, requests or demands with respect to this Plan shall be in writing and shall be deemed to have been received within five (5) days of the date of mailing, provided they are sent by registered mail or certified mail, postage prepaid, return receipt requested, and if sent to the Proponents, addressed to:

> Ira R. Deiches, Esquire
> DEICHES & FERSCHMANN
> A Professional Corporation
> 25 Wilkins Avenue
> Haddonfield, NJ 08033
> Attorneys for Debtors and Debtors-in-Possession

**IV.    EFFECT OF CONFIRMATION OF PLAN**

**A.    Discharge**

The Plan provides that upon completion of the distributions required under the Plan, Debtors shall be discharged of liability for payment of debts incurred before confirmation of the Plan, to the extent specified in 11 U.S.C. §1141. Any liability imposed by the Plan will <u>not</u> be discharged. If Confirmation of the Plan does not occur or if, after Confirmation occurs, Debtors elect to terminate the Plan, the Plan shall be deemed null and void. In such event, nothing contained in the Plan shall be deemed to constitute a waiver or release of any claims against Debtors or their estate or any other persons, or to prejudice in any manner the rights of Debtors or their estate or any person in any further proceeding involving Debtors or their estate. Upon

Confirmation, the provisions of the Plan shall be binding upon Debtors, all creditors, and all Equity Interest Holders, regardless of whether such creditors or Equity Interest Holders are impaired or whether such parties accept the Plan.

**B.   Revesting of Property in the Debtors**

Except as provided in Section IV.D. hereinafter, and except as provided elsewhere in the Plan, the Confirmation revests all of the property of the estate in the Debtors.

**C.   Modification of Plan**

The Proponents of the Plan may modify the Plan at any time before Confirmation; however, the Court may require a new disclosure statement or revoting on the Plan if the Proponent modifies the Plan before Confirmation.

The Proponents may also seek to modify the Plan at any time after Confirmation so long as (1) the Plan has not been substantially consummated and (2) the Court authorizes the proposed modification after notice and a hearing.

**D.   Post-Confirmation Conversion/Dismissal**

A Creditor or party in interest may bring a motion to convert or dismiss the case under 11 U.S.C. §1112(b), after the Plan is confirmed, if there is a default in performance under the Plan. If the Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will vest in the Chapter 7 estate, and the automatic stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the Court during this case.

**E.   Post-Confirmation Quarterly Fees**

Quarterly fees pursuant to 28 U.S.C. §1930(a)(6) continue to be payable to the Office of the United States Trustee post-confirmation until such time as the case is converted, dismissed, or closed pursuant to a final decree.

Dated:  June 12, 2019

_____
LARRY FEINERMAN

Dated:  June 12, 2019

_____
PATRICIA FEINERMAN

-12-

United States Bankruptcy Court
District of New Jersey

In re:                                                                  Case No. 18-20949-ABA
Larry Feinerman                                                         Chapter 11
Patricia Feinerman
        Debtors

## CERTIFICATE OF NOTICE

District/off: 0312-1          User: admin              Page 1 of 1              Date Rcvd: Sep 12, 2019
                              Form ID: pdf903          Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 14, 2019.
db/jdb        +Larry Feinerman,    Patricia Feinerman,    143 Sarazen Drive,    Moorestown, NJ 08057-4016
aty           +Deiches & Ferschmann,    25 Wilkins Avenue,    Haddonfield, NJ 08033-2405

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 14, 2019                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 12, 2019 at the address(es) listed below:
              Aleksander Piotr Powietrzynski    on behalf of Creditor    JPMORGAN CHASE BANK, N.A.
               alex@winstonandwinston.com
              Denise E. Carlon    on behalf of Creditor    Toyota Lease Trust dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Ira   Deiches    on behalf of Debtor Larry   Feinerman ideiches@deicheslaw.com
              Ira   Deiches    on behalf of Joint Debtor Patricia   Feinerman ideiches@deicheslaw.com
              Ira   Deiches    on behalf of Plaintiff Patricia   Feinerman ideiches@deicheslaw.com
              Ira   Deiches    on behalf of Plaintiff Larry   Feinerman ideiches@deicheslaw.com
              Jeffrey M. Sponder    on behalf of U.S. Trustee    U.S. Trustee jeffrey.m.sponder@usdoj.gov,
               jeffrey.m.sponder@usdoj.gov
              Kevin Gordon McDonald    on behalf of Creditor    Toyota Lease Trust kmcdonald@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Lee Martin Perlman    on behalf of Creditor Dominique   Averona ecf@newjerseybankruptcy.com,
               mcdoherty@ecf.courtdrive.com
              Louis M. Barbone    on behalf of Creditor Natalia   Galli lbarbone@jacobsbarbone.law
              R. A. Lebron    on behalf of Creditor    FULTON BANK OF NEW JERSEY bankruptcy@feinsuch.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 12